## THOMAS DOYLE, ET AL., *v.* SAMUEL BARNES.

**Enforcement of Vendor's Lien.**

When a vendor seeks to enforce his lien on land for the purchase money he must allege that he has a good title to the land sold.

**Conveyance to Infant.**

One having conveyed by deed, although to an infant who does not plead infancy as a ground for rescission, has the right to enforce his lien for the purchase money when the unpaid consideration of the conveyance was stated in the deed.

### APPEAL FROM MADISON CIRCUIT COURT.

November 28, 1877.

OPINION BY JUDGE ELLIOTT:

There can be no doubt that, having conveyed by deed, although to an infant who does not set up his infancy as a ground for a rescission of the contract, the vendor will have the right to enforce his lien for the purchase money, as the unpaid consideration of the conveyance was stated in the deed. But in this case the appellee has failed either to state that the deed was delivered to the vendee or to the appellant, his father and natural guardian, and it further fails to state that the appellant was the owner of and had a good title to the land at the time of the sale. When the vendor goes into equity to enforce his lien on land for the purchase money he must allege that he has a good title to the land sold, especially in a case like this, where the deed has not been accepted.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Chenault & Bennett, for appellants.*

*C. J. Bronston, for appellee.*